# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br> vs.<br><br>JAMES E. FRANK, TRUSTEE OF THE JAMES E. FRANK AND CATHRINE FRANK TRUST dated 10-23-1969 together with supplements and amendments thereto aka THE FRANK FAMILY TRUST, by its unidentified trustee, CATHRINE ANN SHIRLEY, and DAN McALLISTER, San Diego County Treasurer/Tax Collector,<br><br>          Defendants. | CASE NO. 11-CV-2010 JLS (JMA)<br><br>**ORDER: GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE BY PUBLICATION AND FOR EXTENSION OF TIME FOR SERVICE**<br><br>(ECF No. 7) |

  Presently before the Court is Plaintiff United States of America's motion to serve process on Defendant by publication and for extension of time to complete service on Defendant The Frank Family Trust ("the Trust"). (Motion, ECF No. 7.) Defendants have not opposed. The motion hearing set for January 26, 2012, is **HEREBY VACATED**, and the matter is taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiff's motion.

//

**SERVICE BY PUBLICATION**

Plaintiff filed this action to foreclose the United States' federal tax liens and/or judgment lien against certain real property in El Cajon, California pursuant to 26 U.S.C. §§ 7401, 7402.  As the record title holder of the subject property, the Trust was named as a defendant in this case.  (Mem. ISO Motion 2.)  Plaintiff served Cathrine Ann Shirley, primary beneficiary of the Trust along with her children, believing her to be the successor trustee to her mother, Cathrine Frank.  (*Id.*)  Plaintiff then learned, through diligent effort, that the successor trustee was La Jolla Bank and Trust Company.  (*Id.*)  However, the bank, ultimately acquired by Bank of America, did not consent to serve as trustee, leaving the successor trustee of the Trust undetermined.  (*Id.* at 3.)  For these reasons, Plaintiff seeks leave to serve process by publication on the successor trustee of the Trust.  (*Id.* at 5.)

Service of process may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  California law provides for service by publication when "upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article," and that the party to be served has or claims an interest in real property subject to the action.  Cal. Civ. Proc. Code § 415.50.  Service of process must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Further, the "means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315.

Here, Plaintiff has made several unsuccessful attempts to serve the successor trustee.  (Mem. ISO Motion 2-3.)  In fact, Plaintiff believes there is no successor trustee.  (*Id.* at 3.)  Plaintiff notes that Cathrine Ann Shirley, the sole beneficiary of the Trust under California law as well as the primary named beneficiary of the Trust, has already been served in her individual capacity and has actual notice of this lawsuit.  This ameliorates the concern that individuals with the underlying interest held by the Trust are unaware an action has been filed that may affect their

1  interest held by the Trust.[1]  Without the appointment of a successor trustee, Plaintiff's declaration

2  satisfies the Court that the successor trustee cannot "with reasonable diligence be served in another

3  manner" as specified in California Code of Civil Procedure section 415.50.[2]

### EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS

A federal court "must extend the time for service" if the plaintiff shows good cause.  Fed. R. Civ. P. 4(m).  Here, Plaintiff has served process on all known parties and has pursued identification of the unknown Defendant successor trustee for service.  (Mem. ISO Motion 2–3.)  Good cause appearing, Plaintiff's request for an extension of time to complete service of process is **GRANTED**.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion.  Plaintiff shall publish the summons in a newspaper of general circulation in San Diego, California and El Cajon, California pursuant to California Code of Civil Procedure section 415.50.  Publication of notice shall be once a week for four consecutive weeks.  Cal. Gov. Code § 6064.  If the trustee's identity and address are ascertained before expiration of this twenty-eight day period of notice, Plaintiff shall mail a copy of the summons, the complaint, and this Order forthwith to that party.  *See* Cal. Civ. Proc. Code. § 415.50(b).  Plaintiff **SHALL FILE** proof of service of such process not later than April 27, 2012.

**IT IS SO ORDERED.**

DATED: January 24, 2012

Honorable Janis L. Sammartino
United States District Judge

---

[1] Plaintiff states that Cathrine Ann Shirley has indicated she would have no objection to being appointed as the successor trustee. (Mem. ISO Motion 2 n.1.) The Court notes that, under California law, courts have discretion to take any action necessary to dispose of judicial proceedings concerning trusts, including the appointment of a temporary trustee to administer the trust in whole or in part. *See, e.g.*, Cal. Prob. Code § 17206. However, the Court currently does not have enough information about the Trust to consider appointment of a temporary trustee, nor has any party requested such action be taken. If such a motion is made, it should be properly supported and include the Deed of Trust and the asserted basis of the Court's authority to appoint a trustee in the requested capacity.

[2] Under California law, Plaintiff's declaration has the same legal force as an affidavit. Cal. Civ. Proc. Code § 2015.5.